FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 0 5 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
STEVEN SIMON,

                              Plaintiff,

             - against -

JONES RETAIL APPAREL CORP., et al.,

                            Defendants.
----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 3365 (BMC)

**COGAN, District Judge.**

In this *pro se* Title VII action, plaintiff, formerly a retail clothing sales assistant, appears to complain that he was improperly discharged after making female employees feel uncomfortable through two incidents. It is not really possible to understand plaintiff's claim from the complaint, as it is largely unintelligible, and he did not comply with Magistrate Judge Bloom's direction to file an amended complaint that might have clarified his claims. However, plaintiff has annexed to the complaint a letter he received from defendant, Jones Retail Apparel Corp. ("Jones Apparel"), his former employer, which investigated his claim of improper termination. Reading that letter alongside plaintiff's complaint, one can arrive at some understanding of his claim.

The two incidents appear as follows. First, plaintiff told a female employee in the stock room not to dance in front of him while she worked (presumably, she was dancing as she was putting away stock), because he considered it provocative and it made him uncomfortable as a Christian Minister. This statement, in turn, made the female employee uncomfortable, and she reported it. Second, when a manager asked plaintiff to assist a customer who had come in to buy

a belt for his wife, plaintiff called over two female employees and started asking the customer to compare their bodies or body sizes to the customer's wife's body, even though the customer knew his wife's waist size and there was a tape measure in the store. Plaintiff's conduct made the female employees uncomfortable and they reported the incident to management. As a result of these two incidents, plaintiff was fired. He had worked at defendant's store for about eight months at that point.

Defendants have raised a substantial number of arguments in support of their motion to dismiss and they all appear to be correct; plaintiff's opposition does not address any of them, at least not in a meaningful way. First, plaintiff did not properly serve any of the defendants. He used Express Mail, no return receipt, which is not authorized under federal procedural law or its incorporation of state law. See Fed.R.Civ.P. 4. Judge Bloom directly advised plaintiff of this and told him to re-serve; he has not.

Second, it does not appear that plaintiff has exhausted his administrative remedies by obtaining a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendant argues that plaintiff has failed to state a claim by not annexing the right to sue letter to his complaint; that is not technically correct, as Rule 8(a) does not require exhibiting the right to sue letter. However, defendant notes that it never was contacted by the EEOC about plaintiff's claim, which suggests he never filed one. To clarify the issue, Judge Bloom ordered plaintiff to annex the right to sue letter to an amended complaint, and as noted, he has not done that. Plaintiff's failure to either allege or show, through the exhibit, that he has exhausted his administrative remedies constitutes grounds for dismissal. See Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991); Canty v. Wackenhut Corrections Corp., 255 F.Supp.2d 113 (E.D.N.Y. 2003).

Third, and perhaps most importantly, I do not see how Title VII applies to plaintiff's claim. To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (internal quotation omitted). Because plaintiff is *pro se*, the Court gives his papers special solicitude. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972) (per curiam). But a *pro se* plaintiff must still allege a plausible basis for relief. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

Plaintiff's claim, most liberally construed, appears to be that he was treated arbitrarily by his abrupt termination, and that he was not provided with the grievance procedures set forth in defendant's employment manual. But arbitrary and capricious action, or, most charitably read, a breach of contract, does not in any way amount to a Title VII violation. Plaintiff uses the term "sexual harassment," but he is not complaining that the female salespeople harassed *him*; rather, he is merely noting that he was fired for sexually harassing *them*. Similarly, he refers to himself as a "Christian Minister," but he does not allege any facts that might suggest that he was fired because of his religion. Plaintiff's failure to allege facts that might bring him within Title VII requires dismissal of his claim against Jones Apparel. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415 (2006) ("Title VII, we have said, does not set forth 'a general civility code' for the American Workplace."). Finally, Title VII does not create liability as to individual defendants, so those claims must be dismissed as well. See Patterson v. County of Oneida, New York, 375 F.3d 206 (2d Cir. 2004) (citing Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000).

Because I am dismissing the complaint, there is no need for me to consider defendants' alternative motion for a transfer under 28 U.S.C. § 1404(a).[1]

Finally, I note that I have considered whether to grant plaintiff leave to amend, and have concluded that it would be futile to do so for two reasons. First, Judge Bloom already told plaintiff about the problems with his complaint and directed him to amend it; plaintiff has declined. Second, having reviewed his opposition to the motion to dismiss, there is an absence of any factual allegations that could support a claim for relief. Finally, plaintiff has not requested additional time to amend. Since amendment would not cure the failure to state a claim, the Court will not grant leave to amend. See Henry v. Coughlin, 940 F.Supp. 639, 644 (S.D.N.Y. 1996) ("Although Rule 15(a) of Federal Rules of Civil Procedure dictates that leave to amend a complaint must be 'freely given when justice so requires,' and though *pro se* litigants are held to a less onerous standard than are lawyers, courts should nevertheless deny such leave where amendment would be futile.") (citations omitted).

Although plaintiff paid the filing fee to commence this action, I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and

---

[1] I am compelled to note that given the very palpable and numerous defects in plaintiff's pleading and the posture of this case, defendants' motion seems like overkill. A two- or three-page letter motion would have sufficed. For example, I don't see the necessity of including an alternative §1404(a) ground to move this case to the Southern District of New York, about a 1/2 mile away. Similarly, I think defendants' relatively extensive discussion of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), is inapposite; this is a Rule 12(b) motion, not a motion for summary judgment. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002).

therefore deny *in forma pauperis* status for the purpose of an appeal, should plaintiff seek such status. See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Judge Brian M. Cogan

Dated: Brooklyn, New York
      October 1, 2012